UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                          Case Nos.:   3:17cr63/MCR/HTC
                                                          3:19cv5082/MCR/HTC
DARREN L. LEE

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Darren L. Lee's *pro se* Motion to Vacate Judgment Under 28 U.S.C. § 2255. ECF Doc. 65. The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, the Government's response (ECF Doc. 68) and Lee's reply (ECF Doc. 75), the undersigned recommends the motion be DENIED without an evidentiary hearing. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases. Lee's sole ground for relief - that he is entitled to relief under the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) - is procedurally barred.

I.  BACKGROUND AND PROCEDURAL HISTORY

On June 7, 2017, a grand jury charged Lee in a single-count indictment with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 2. ECF Doc. 1. The indictment alleged that Lee "having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess a firearm in and affecting interstate commerce," more specifically a "Cobra Enterprises .22 caliber pistol." *Id.* at 1-2. The indictment identified the following five prior State of Florida felony convictions: (1) sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver a controlled substance; (2) aggravated battery by battery on a pregnant person; (3) possession of cocaine and driving while license suspended or revoked (3rd conviction); (4) possession of cocaine; and (5) battery—prior convictions (two counts). *Id.*

According to the Factual Basis for the Guilty Plea (ECF Doc. 23) and the Presentence Investigation Report (ECF Doc. 39), on October 9, 2016, deputies from the Escambia County Sheriff's Office (ECSO) responded to a La Quinta Inn in Pensacola in reference to a complaint of trespassing after the occupants of one of the rooms had refused to leave. The room was registered to defendant Lee. After

ECSO deputies instructed the occupants to leave and obtained permission to search to room from a La Quinta employee, they discovered a silver Cobra Enterprises .22 caliber pistol in the microwave oven in the room, as well as drug paraphernalia. The pistol was swabbed for DNA, which upon testing was found to include the DNA of at least three individuals. The major contributor DNA profile was consistent with Lee's DNA, and the frequency of occurrence of this profile for unrelated individuals was approximately 1 in 380 billion.

Before Lee's federal indictment, the State of Florida charged Lee with possession of a firearm by a convicted felon as a result of the same offense conduct. ECF Doc. 39, PSR ¶ 50. Escambia County Court records reflect that he entered a no contest plea and was sentenced to a term of 24 months imprisonment in June of 2018 in Escambia County Case No. 2017 CF 000333 A.

On August 11, 2017, Lee pled guilty in the instant federal case, represented by Assistant Federal Public Defender Randall Lockhart. ECF Docs. 23-27. The Factual Basis for Guilty Plea, signed by Lee and counsel, set forth the elements of Count One in accordance with Eleventh Circuit Pattern Jury Instruction 34.6 as follows:

> First – the defendant knowingly possessed a firearm or ammunition in or affecting interstate or foreign commerce; and

> Second – before possessing the firearm, the defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

ECF Doc. 23 at 2-3. Lee's knowledge of his status as a person prohibited from possessing a firearm was neither specifically set forth in the indictment nor identified as an essential element of the offense.

According to Lee's Presentence Investigation Report ("PSR") (ECF Doc. 39), his base offense level was 24 pursuant to U.S.S.G. § 2K2.1 because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. ECF Doc. 39, PSR ¶ 18. The PSR identified the prior qualifying convictions as those contained in paragraphs 32, 33 and 42 of the report. Paragraph 32 was a March, 2001 conviction for delivery or sale of a controlled substance for which Lee was sentenced to 36 months in state prison after violating his probation and community control. Paragraph 33 was a conviction in May of 2001 for aggravated battery on a pregnant person, for which Lee received the same 36-month sentence as in the preceding case. Finally, Paragraph 42 was a December, 2015 conviction for "battery - prior convictions," for which Lee was sentenced to 120 days

in county jail.[1]  The probation officer determined Lee was subject to an enhanced sentence due to the application of the Armed Career Criminal Act (ACCA).  His base offense level pursuant to the applicable Chapter Four enhancement was 33 (PSR ¶24), and his total offense level was 30 after the three-level adjustment for acceptance of responsibility.  PSR ¶s 25-27.  With Lee's criminal history category of VI and the fifteen-year statutory minimum sentence, the Probation Officer calculated the applicable guidelines range to be 180 to 210 months.  PSR ¶s 77-78.

Lee objected to the ACCA enhancement, arguing that his prior aggravated battery and felony battery convictions were not violent felonies under the ACCA.  ECF Doc. 58 at 2.  The Court overruled the objection, finding Lee had four prior qualifying convictions:  three batteries and one controlled substance offense.  *Id.* at 3; ECF Doc. 44.  It sentenced him at the low end of the applicable range to a term of 180 months' imprisonment.  ECF Docs. 45, 46, 58.

Lee appealed his sentence to the Eleventh Circuit.  ECF Doc. 62.  He argued that the district court erred in determining that his Florida convictions based on nolo contendere pleas qualified as violent felonies under the ACCA.  The

---

[1] In all, Lee had five convictions for battery involving current or former romantic partners, and a pending battery charge against a male who was with Lee's girlfriend.  PSR ¶s 33, 34, 35, 41, 42, 49.

Eleventh Circuit rejected his argument and affirmed on June 11, 2019.[2] The court specifically held that a nolo contendere plea is treated no differently than a conviction based on a guilty plea or verdict of guilt for the purpose of the Sentencing Guidelines. *Id.* at 14-15. The appellate court thus found that Lee's convictions for aggravated battery and felony battery were proper ACCA predicates. *Id.* at 16-23. The Supreme Court denied certiorari on November 18, 2019. ECF Doc. 64.

## II.  LEE'S PETITION

Lee filed the instant motion on December 16, 2019,[3] seeking relief under the Supreme Court's June 21, 2019 decision in *Rehaif*. In *Rehaif*, the Supreme Court held the word "knowingly" in 18 U.S.C. § 924(a)(2) modifies both the status and possession elements of the felon in possession offense. Otherwise stated, to secure a conviction under § 924(a)(2) the Government must prove the defendant knowingly possessed the firearm *and* knew he or she was in a class of persons barred from possessing a firearm. *Rehaif*, 139 S. Ct. at 2195-96. The Supreme Court decided *Rehaif* after Lee was sentenced and after the Eleventh Circuit's opinion in Lee's

---

[2] The mandate issued on July 10, 2019. ECF Doc. 63.
[3] December 16, 2019 is the date Lee delivered the motion to prison mail officials. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.). There is no dispute the motion is timely, as Lee filed it just over one month after the Supreme Court denied certiorari after his direct appeal. ECF Doc. 64.

Case Nos.: 3:17cr63/MCR/HTC; 3:19cv5082/MCR/HTC

direct appeal. Relying on *Rehaif,* Lee now claims his conviction should be vacated because there is "no assurance from the face of petitioner['s] indictment that the grand jury found the crucial knowledge of status element." ECF Doc. 65 at 4.

As an initial matter, the government concedes *Rehaif* applies retroactively to initial § 2255 petitions.[4] ECF Doc. 68 at 9. The government argues, however, that Lee is not entitled to relief because his claim is procedurally barred. The undersigned agrees.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004). Therefore, Lee's *Rehaif* claim is procedurally barred unless he can demonstrate either cause for not raising the ground on direct appeal and prejudice resulting from the omission, or,

---

[4] *But see, In re Price*, 964 F. 3d 1045, 1048 (11th Cir. 2020) (denying application to file a second or successive § 2255 motion, holding that "*Rehaif* did not announce a new rule of constitutional law and, even if it did, it has not been made retroactive to cases on collateral review by the Supreme Court") (citing *In re Palacios*, 931 F. 3d 1314, 1315 (11th Cir. 2019)); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) (denying application to file second or successive § 2255 motion holding that "*Rehaif v United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. §§ 922(g) and 924(a)(2)"); *Young v. United States*, No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020) (affirming the district court's determination that an initial 2255 motion was untimely because, among other reasons, "*Rehaif* does not constitute a new right made retroactively applicable" (citing *Palacios*).

alternatively, that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations omitted); *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011); *Lynn*, 365 F.3d at 1232; *McCoy v. United States*, 266 F. 3d 1245, 1258 (11th Cir. 2001); *United States v. Nyhuis*, 211 F. 3d 1340, 1344 (11th Cir. 2000).

To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235 and n. 20 (citations omitted). To establish prejudice, Lee "must show that there is at least a reasonable probability that the result of the proceeding would have been different." *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003). He cannot demonstrate either.

Although failure to raise a "claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default," the argument ultimately successful in *Rehaif* was not a novel legal theory. *McCoy*, 266 F. 3d at 1258 (citations and internal quotations omitted). Although *Rehaif* had not been decided at the time Lee was sentenced, this does not mean that Lee could not have raised the arguments at issue in *Rehaif* either before the trial court or on direct

appeal. In other words, the fact that *Rehaif* was not decided until 2019 does not establish "cause" for his failure to raise the argument that the Government was required to establish he knew of his status as a prohibited person at the time he possessed the firearms in this case.

By the time of Lee's August 11, 2017 plea, "the Federal Reporters were replete with cases" challenging whether the Government had to satisfy a mens rea requirement as to the status element of 18 U.S.C. § 922(g) and holding that it did not. *See Bousley,* 523 U.S. at 622; *United States v. Rehaif,* 888 F. 3d 1138, 1144-45 & n. 3 (11th Cir. Mar. 26, 2018) (citing cases), *reversed Rehaif v. United States*, 139 S. Ct. 2191 (2019). Indeed, the position taken by the Supreme Court in *Rehaif* had already won endorsement, or at least acknowledgment, in four separate circuits even before defendant Rehaif adopted the position. *See United States v. Games-Perez*, 695 F. 3d 1104, 1124 (10th Cir. 2012) (Gorsuch, J., dissenting); *United States v. Reyes*, 194 F. App'x 69, 70 (2d Cir. 2006); *United States v. Gardner*, 488 F. 3d 700, 715 n. 2 (6th Cir. 2007); *United States v. Langley*, 62 F. 3d 602, 604-605 (4th Cir. 1995).

The fact that no court had yet adopted what ultimately became the holding in *Rehaif* or that Lee might not have been successful if he had raised the claim on appeal

is not dispositive.   The question is whether Lee had the means to *assert* the claim, not the means to *prevail* on it; perceived futility does not constitute cause to excuse a procedural default.   *Bousley*, 523 U.S. at 622-23; *McCoy*, 266 F. 3d at 1258-59; *see also McCarthan v. Director of Goodwill Industries-Suncoast, Inc.,* 851 F. 3d 1076, 1087 (11th Cir. 2017).

Lee has also not shown prejudice or, for the same reasons, actual innocence. Actual innocence means factual innocence, not mere legal insufficiency.   *Bousley*, 523 U.S. at 623, *McKay*, 657 F. 3d at 1197.   It is the defendant's burden, and the government has wide latitude to present any admissible evidence to rebut a defendant's claim of actual innocence.   *Bousley*, 523 U.S. at 634-24; *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995).

In this case, the PSR, Plea Agreement, Indictment, and Factual Basis rebut Lee's claims of actual innocence and prejudice.   First, the PSR reflects Lee was convicted of felony offenses, including a conviction for delivery or sale of a controlled substance and a conviction for aggravated battery on a pregnant victim, and he served concurrent three-year terms in state prison on these convictions after violating his probation.   ECF Doc. 39, PSR ¶s 32, 33.   He also had four other battery convictions and two other controlled substance convictions.   PSR ¶s 34, 35,

38, 39, 41, 42.   Lee did not object to these facts.   *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes.")

Second, the Indictment identifies five prior felony convictions, ECF Doc. 1, and in the signed plea agreement Lee specifically agreed he was pleading guilty because he was "in fact guilty of the charge(s) alleged in Count One of the Indictment" and were the case to go to trial, "the government would present evidence to support the charge(s) beyond a reasonable doubt."   ECF Doc. 24 at 2.

Third, in the Factual Basis for Guilty Plea, which Lee also signed, Lee admitted that prior to October 9, 2016, he had been convicted of at least one felony offense.   ECF Doc. 23 at 2.   He also admitted that on or about October 9, 2016, law enforcement recovered, from a hotel room Lee had recently vacated, a firearm containing his DNA as a "major contributor."   *Id.* at 1-2.   The undersigned further notes that during the rearraignment colloquy Lee never deflected blame for possession of the gun.   ECF Doc. 57.

The government's obligation to prove knowledge-of-status is not "burdensome," as "knowledge can be inferred from circumstantial evidence." *Rehaif*, 139 S. Ct. at 2198 (*quoting Staples v. United States*, 511 U.S. 600, 615 n.11

(1994)). Thus, "had the government been required to prove that [Lee] knew he was a felon at the time he possessed a firearm, there is overwhelming evidence to show that it would have easily done so." *United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020).

As the Supreme Court has stated, "[I]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer v. United States,* 141 S. Ct. 2090, 2098 (2021).[5] Lee's claim otherwise is made in vain. Indeed, Lee's argument in the reply that he thought once he completed his prior state sentences, all his constitutional rights were restored, including the right to vote and to purchase and own a firearm, does not advance the ball. ECF Doc. 75 at 18. "[U]nder *Rehaif*'s knowledge-of-status requirement, that a defendant does not recognize that he personally is prohibited from possessing a firearm under federal law is no defense if he knows he has a particular status and that status happens to be one prohibited by § 922(g) from possessing a firearm." *United States v. Johnson*, 981 F.3d 1171, 1189 (11th Cir. 2020), *cert. denied*, 142 S. Ct. 567 (2021). Furthermore, even if the state had restored his civil rights, the key question

---

[5] In his reply, Lee relied heavily on *United States v. Gary*, 954 F. 3d 194 (4th Cir. 2020), which the Supreme Court overruled in *Greer*. ECF Doc. 75 at 10-13.

is whether his rights were restored under federal law. *Beecham v. United States*, 511 U.S. 368 (1994); *see also United States v. Thompson*, 702 F. 3d 604, 607 (11th Cir. 2012) (restoration of convicted felon's right to vote was insufficient restoration of his "civil rights" to preclude federal prosecution for felon in possession) (citing cases). Thus, his mistake about the restoration of his rights would not have provided a legal defense to the charges.

Because Lee cannot show he is actually innocent or that the result of these proceedings would have been different had the government been required to prove Lee knew he was a convicted felon, he is not entitled to relief under *Rehaif*. *See Dawkins v. United States,* No. 20-12840-D, 2020 WL 8270518, at *2 (11th Cir. Dec. 1, 2020) (affirming district court's determination that *Rehaif* clam was procedurally barred because "Dawkins cannot demonstrate actual innocence, as he admitted that he possessed a firearm that affected interstate commerce after having been twice convicted of a felony"); *United States v. Reed*, 941 F. 3d. 1018 1022 (11th Cir. 2019) (where the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status, a *Rehaif* error does not affect his substantial rights).

Reading Lee's claim liberally, he appears to be arguing in the reply that his plea was not voluntarily or knowingly made because he never admitted he "knew he was a felon at the time he knowingly possessed the firearm." ECF Doc. 75 at 10. As explained above, this argument is undermined by Lee's admission to the facts in the Factual Basis, which included that he had been convicted of a felony prior to October 9, 2016. Also, this argument has been rejected by the Eleventh Circuit where, such as here, Lee has not shown a reasonable probability of a different result. *See e.g., United States v. McLellan*, 958 F.3d 1110, 1118-20 (11th Cir. 2020); *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020); *United States v. Price*, 828 F. App'x 573, 577-78 (11th Cir. 2020).

Finally, to the extent Lee's argument might be liberally construed as faulting counsel for failing to require the government to establish as a separate element of the felon in possession offense that Lee knew he was a convicted felon or for failing to raise this issue on direct appeal, such claims are also without merit. To establish ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). As set forth above, Lee cannot show prejudice. He also cannot establish that counsel's performance was

deficient.

At the time Lee was charged and pled, the law was understood to allow the conviction of a defendant for a § 922(g) offense based solely on his knowledge that he possessed a firearm. *Dawkins*, 2020 WL 8270518, *1 (citing *United States v. Innocent*, 977 F.3d 1077, 1082 (11th Cir. 2020)). "Although *Rehaif* later clarified that a defendant must have knowledge of both his possession of the firearm and his felon status, [Lee]'s counsel was not required to object to the indictment or the district court's provision of the elements based on predictions of how the law may develop." *Dawkins*, 2020 WL 8270518, at *1 (*citing Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)). While counsel could have made the argument, neither trial nor appellate counsel are constitutionally ineffective for failing to anticipate a change in the law. *See Rambaran v. Sec'y, Dep't of Corr.,* 821 F.3d 1325, 1334 (11th Cir. 2016); *United States v. Ardley*, 273 F.3d 991, 993) (11th Cir. 2001) (Carnes, J., concurring) (there is a "wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.") (collecting cases); *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective

assistance of appellate counsel.") (collecting cases).

### III. CONCLUSION

An evidentiary hearing is not necessary to resolve Lee's claims because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Lee's claim based on *Rehaif* is procedurally barred because it could have been raised on direct appeal. He cannot overcome the procedural bar by showing either cause and prejudice or actual innocence. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

### IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.   The Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 65) be DENIED.

2.   A certificate of appealability be DENIED.

At Pensacola, Florida, this 7th day of March, 2022.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

Case Nos.: 3:17cr63/MCR/HTC; 3:19cv5082/MCR/HTC

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**